IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LARA RODRIGUEZ,<br><br>         Petitioner,<br><br>vs.<br><br>WARDEN M. D. BITER,<br><br>         Respondent.<br>_____ / | 1:13-cv-00011-BAM (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

In this case, the petitioner is challenging a conviction from San Diego County, which is in the

1  Southern District of California. Therefore, the petition should have been filed in the United States
2  District Court for the Southern District of California. In the interest of justice, a federal court may
3  transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v.
4  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
5      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
6  District Court for the Southern District of California.
7      IT IS SO ORDERED.
8  **Dated:   January 7, 2013**              /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE